UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INDICTMENT CR14-323 DSD/LIB |
| | ) |
| Plaintiff, | ) 18 U.S.C. § 2 |
| | ) 18 U.S.C. § 2251(a) |
| v. | ) 18 U.S.C. § 2251(e) |
| | ) 18 U.S.C. § 2252(a)(2) |
| REX LEE FURMAN, | ) 18 U.S.C. § 2252(a)(4)(B) |
| | ) 18 U.S.C. § 2252(b)(1) |
| Defendant. | ) 18 U.S.C. § 2252(b)(2) |
| | ) 18 U.S.C. § 2253(a) |
| | ) 18 U.S.C. § 2260A |
| | ) 18 U.S.C. § 3559(e) |

THE UNITED STATES GRAND JURY CHARGES THAT:

### COUNTS 1-8
(Production of Child Pornography)

On or about September 3, 2012, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

having been previously convicted under the laws of the State of Minnesota relating to the sexual abuse of a minor or ward, and having been previously convicted of a prior sex offense as described in Title 18, United States Code, Section 3559(e), namely, having been convicted on or about December 15, 1981, in Wright County, Minnesota of Criminal Sexual Conduct (Fourth Degree) in violation of Minnesota Statute 609.345, and having been convicted on or about March 2, 1999, in Hennepin County, Minnesota of Criminal Sexual Contact (First Degree) in violation of Minnesota Statute 609.342, did employ, use, persuade, induce, entice, and coerce a minor, as referenced in counts 1

SCANNED
OCT 07 2014
U.S. DISTRICT COURT ST. PAUL

U.S. v. Rex Lee Furman

through 8, to engage in sexually explicit conduct for the purpose of producing and attempting to produce a visual depiction of such conduct, to wit, the following image files:

| Count | Computer File Name |
|---|---|
| 1 | SEP 3 2012 12:23AM – Image 5 |
| 2 | SEP 3 2012 12:23AM – Image 6 |
| 3 | SEP 3 2012 12:23AM – Image 7 |
| 4 | SEP 3 2012 12:23AM – Image 8 |
| 5 | SEP 3 2012 12:23AM – Image 9 |
| 6 | SEP 3 2012 12:23AM – Image 10 |
| 7 | SEP 3 2012 12:23AM – Image 11 |
| 8 | SEP 3 2012 12:23AM – Image 12 |

which visual depictions were produced using materials that had been manufactured, mailed, shipped, and transported in and affecting interstate and foreign commerce, specifically using a Jazz hand-held video camera, an HP desktop computer, and a Maxell Mini DVD-R disc; all in violation of Title 18, United States Code, Sections 2251(a), 2251(e), and 3559(e).

## COUNTS 9-13
(Production of Child Pornography)

On or about August 26, 2012, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

U.S. v. Rex Lee Furman

having been previously convicted under the laws of the State of Minnesota relating to the sexual abuse of a minor or ward, and having been previously convicted of a prior sex offense as described in Title 18, United States Code, Section 3559(e), namely, having been convicted on or about December 15, 1981, in Wright County, Minnesota of Criminal Sexual Conduct (Fourth Degree) in violation of Minnesota Statute 609.345, and having been convicted on or about March 2, 1999, in Hennepin County, Minnesota of Criminal Sexual Contact (First Degree) in violation of Minnesota Statute 609.342, aided and abetted by a person known to the grand jury, did employ, use, persuade, induce, entice, and coerce a minor, as referenced in counts 9 through 13, to engage in sexually explicit conduct for the purpose of producing and attempting to produce a visual depiction of such conduct, to wit, the following image and video files:

| Count | Computer File Name |
|-------|--------------------|
| 9     | DSC00025.JPG       |
| 10    | DSC00026.JPG       |
| 11    | DSC00027.JPG       |
| 12    | DSC00028.JPG       |
| 13    | VIDEO_TS.VOB – AUG 26 2012 9:59PM |

which visual depictions were produced using materials that had been manufactured, mailed, shipped, and transported in and affecting interstate and foreign commerce, specifically using a Jazz hand-held video camera, an HP desktop computer, and a Maxell

3

U.S. v. Rex Lee Furman

Mini DVD-R disc; all in violation of Title 18, United States Code, Sections 2251(a), 2251(e), 3559(e), and 2.

## COUNT 14
(Distribution of Child Pornography)

On or about October 15, 2013, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

having been previously convicted under the laws of the State of Minnesota relating to the sexual abuse of a minor or ward, namely, having been convicted on or about December 15, 1981, in Wright County, Minnesota for Criminal Sexual Conduct (Fourth Degree) in violation of Minnesota Statute 609.345, and having been convicted on or about March 2, 1999, in Hennepin County, Minnesota for Criminal Sexual Contact (First Degree) in violation of Minnesota Statute 609.342, did knowingly distribute visual depictions using a means and facility of interstate commerce and that had been mailed, shipped and transported in and affecting interstate commerce, by any means including a computer, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such depictions are of such conduct, including, but not limited to, the following computer image file:   Private Daughter Mellony stolen pedo lolita pthc hussyfan preteen nude (10yo) 01(1).jpg, all in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

U.S. v. Rex Lee Furman

## COUNT 15
(Distribution of Child Pornography)

On or about August 23, 2013, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

having been previously convicted under the laws of the State of Minnesota relating to the sexual abuse of a minor or ward, namely, having been convicted on or about December 15, 1981, in Wright County, Minnesota for Criminal Sexual Conduct (Fourth Degree) in violation of Minnesota Statute 609.345, and having been convicted on or about March 2, 1999, in Hennepin County, Minnesota for Criminal Sexual Contact (First Degree) in violation of Minnesota Statute 609.342, did knowingly distribute visual depictions using a means and facility of interstate commerce and that had been mailed, shipped and transported in and affecting interstate commerce, by any means including a computer, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such depictions are of such conduct, including, but not limited to, the following computer image file: 1(2)(3)(2).mpg, all in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## COUNT 16
(Receipt of Child Pornography)

On or about March 15, 2013, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

having been previously convicted under the laws of the State of Minnesota relating to the

U.S. v. Rex Lee Furman

sexual abuse of a minor or ward, namely, having been convicted on or about December 15, 1981, in Wright County, Minnesota for Criminal Sexual Conduct (Fourth Degree) in violation of Minnesota Statute 609.345, and having been convicted on or about March 2, 1999, in Hennepin County, Minnesota for Criminal Sexual Contact (First Degree) in violation of Minnesota Statute 609.342, did knowingly receive a visual depiction that had been mailed, shipped and transported using a means and facility of interstate commerce, and in and affecting interstate commerce, by any means including by computer, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct, including, but not limited to, the following computer image file: 1099327.wmv, all in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1).

## COUNT 17
(Possession of Child Pornography)

On or about February 13, 2014, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

having been previously convicted under the laws of the State of Minnesota relating to the sexual abuse of a minor or ward, namely, having been convicted on or about December 15, 1981, in Wright County, Minnesota for Criminal Sexual Conduct (Fourth Degree) in violation of Minnesota Statute 609.345, and having been convicted on or about March 2, 1999, in Hennepin County, Minnesota for Criminal Sexual Contact (First Degree) in

violation of Minnesota Statute 609.342, did knowingly possess one or more matters which contain visual depictions that had been mailed, shipped, and transported using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, by any means including a computer, where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of such conduct, including but not limited to the following computer video and image files:

    (a)    874948.wmv;
    (b)    1624047.mpg;
    (c)    1624035.wmv;
    (d)    1099605.avi;
    (e)    1099603.avi;
    (f)    874947.mpg

all in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2).

## COUNT 18
(Commission of a Felony Offense Involving a Minor When
Required to Register as a Sex Offender)

On or about between August 26, 2012, and February 13, 2014, in the State and District of Minnesota, the defendant,

**REX LEE FURMAN,**

being required under the laws of the State of Minnesota to register as a sex offender, did commit a felony offense involving a minor, to wit, the felony offenses alleged in counts 1 through 18 of this Indictment, all in violation of Title 18, United States Code, Section 2260A.

U.S. v. Rex Lee Furman

## **FORFEITURE ALLEGATIONS**

Counts 1 through 18 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 2253(a). As a result of the foregoing offenses, the defendant,

**REX LEE FURMAN,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 2253(a):

(1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18, United States Code;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to an eMachines desktop computer, a Western Digital hard drive, an HP desktop computer, a Seagate hard drive, a Jazz hand-held video camera, and Maxell Mini DVD-R discs.

If any of the above-described forfeitable property is unavailable for forfeiture, the

U.S. v. Rex Lee Furman

United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

All in violation of Title 18, United States Code, Sections 2, 2251(a), 2251(e), 2252(a)(2), 22442(a)(4)(B), 2252(b)(1), 2252(b)(2), 2253(a), 2260A, and 3559(e).

A TRUE BILL

| UNITED STATES ATTORNEY | FOREPERSON |