UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.:  14-CR-323 (DSD/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **GOVERNMENT'S OMNIBUS** ) **RESPONSE TO DEFENDANT'S** ) **MOTIONS *IN LIMINE*** |
| REX LEE FURMAN, | ) ) |
| Defendant. | ) |

The United States of America, by and through its attorneys Andrew M. Luger, United States Attorney for the District of Minnesota, Melinda A. Williams, Assistant United States Attorney, and Alexandra R. Gelber, Assistant Deputy Chief, hereby responds to the defendant's motions *in limine* to exclude evidence at trial [Docket #52, #53].  The government's response is based upon the attached memorandum of points and authorities and any other evidence or argument that the Court may wish to consider.

In his motions *in limine*, the defendant seeks to (1) prevent the government from introducing any evidence of "other bad acts" pursuant to Federal Rules of Evidence 414 and 404(b); (2) rule inadmissible any out-of-court statements made by the alleged victims in this case; (3) rule inadmissible any expert or non-expert opinions concerning the credibility of the alleged victims' claims; (4) rule inadmissible any expert or non-expert opinion as to whether or not the hand seen in the production images is the defendant's hand; and (5) rule inadmissible the testimony of the alleged younger children as their testimony is not credible given their age.  For the reasons set forth below, all of the defendant's claims should be denied.

1

First, with respect to evidence submitted pursuant to Rules 404(b) and 414, the defendant does not specify which evidence should be excluded, nor provides any case law in support of his motion to exclude such evidence.  The government has described the evidence it seeks to introduce pursuant to Rules 404(b) and 414 in its Rule 414 motion *in limine* [Docket #63] and the government's *res gestae*/Rule 404(b) motion *in limine* [Docket #57].  That evidence includes (1) evidence that the defendant possessed, received, and distributed additional images and videos of child pornography and erotica, both digital images and hard copy images, beyond those charged in the indictment, as well as evidence of the defendant's search terminology in seeking out digital child pornography and the names of the child pornography files; (2) evidence that the defendant possessed images of his granddaughters, A.Z. and S.Z., taking a bath; (3) evidence that, as a part of his sex offender treatment, the defendant was informed of the illegality of possession of child pornography; and (4) evidence that the defendant possessed a poem entitled "The Sex Defender" on his computer that glorifies child sexual assault. The government also seeks to introduce information concerning the defendant's prior convictions.

The government would note that, in his motion to exclude evidence of uncharged bad acts, the defendant largely takes issue with the existence of Rule 414 but fails to cite to any case where Rule 414 evidence was in fact excluded at trial.  As the government has noted, in cases involving Rule 414 evidence, the "presumption is in favor of admission.  The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is

2

normally not outweighed by any risk of prejudice or other adverse effects." *United States v. Sumner*, 119 F.3d 658, 662 (8th Cir. 1997).  Indeed, the presumption of admission is so strong that while "the Eighth Circuit Court of Appeals has never overturned a trial court for allowing Rule 414 evidence over a Rule 403 objection" the Circuit Court "has overturned a trial court for disallowing the admission of Rule 414 evidence . . . This is likely a reflection of the strong legislative intent to admit evidence of past crimes of child molestation." *United States v. Summage*, 2008 WL 2561221, *4 (S.D. Iowa 2008).

As to the statements made by the victims in this case (S.Z. and A.Z.), and as is set forth more fully in the government's motion *in limine* to admit hearsay statements [Docket #64], the government will not call S.Z. or A.Z. to testify in its case-in-chief. However, for the reasons articulated in that motion, the government is seeking to present statements made by S.Z. and A.Z. to therapist Vicky Kinney during the course of play therapy by calling Ms. Kinney at trial.  In non-testimonial statements made for purposes of treatment, S.Z. and A.Z. both describe specific instances of sexual abuse by the defendant.  These statements have the highest guarantees of trustworthiness as, *inter alia*, they mirror the images of abuse that were later discovered in the defendant's possession. Accordingly, these statements are properly admitted at trial.

With respect to the remainder of the defendant's claims, they should be denied as moot because government will not be offering any testimony concerning the credibility of the alleged victims' claims, nor whether or not the hand seen in the production images is the defendant's hand.  Further, as noted above, the child victims will not be called to testify in this case.  While the government is not seeking to offer any expert or lay

opinions as to the identity of the hand pictured in the production counts of the indictment, it is of course entirely proper for the jury, as factfinders, to observe the characteristics of the hand pictured in the production images and make its own determinations as to whether those characteristics are consistent with those of the defendant.

    For all of these reasons the defendant's motions should be denied.

Dated: October 7, 2015                        Respectfully Submitted,

                                          ANDREW M. LUGER
                                          United States Attorney

                                          *s/ Melinda A. Williams*

                                          BY:  MELINDA A. WILLIAMS
                                          Assistant U.S. Attorney
                                          Attorney ID No. 491005DC