UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-323(DSD/LIB)

United States of America,

Plaintiff,

v.                                                    **ORDER**

Rex Lee Furman,

Defendant.


Alexandra R. Gelber, US Department of Justice, 1400 New York Avenue NW, Suite 1600, Washington, DC 20530 and Melinda Williams, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

Manvir K. Atwal, Office of the Public Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, counsel for defendant.


This matter is before the court on cross-motions in limine. After a review of the file and proceedings herein, the court grants the motions in part and denies in part.

**A.   References to Potential Penalties**

The government moves to preclude the defendant and his attorney from referring to the potential penalties that the defendant will face if convicted.  That motion is granted.

**B.   Sequestration of Witnesses**

The defendant moves to sequester witnesses and inform them not to discuss their testimony with each other.  The parties may have a case agent at counsel table with them during trial.  In all other aspects, the defendant's motion is granted.

**C.    Opinions on the Identity of the Hand Seen in the Images**

The defendant moves to preclude any person from testifying as to whether a hand seen in certain production images is that of the defendant.   The government states that it will not offer any testimony on the identity of the hand in those images.   The defendant's motion is denied as moot.

**D.   Rule 404(b) and *Res Gestae* Evidence**

The government moves to submit evidence under Federal Rule of Evidence 404(b) or as *res gestae*.   The defendant opposes the admission of that evidence.

In general, Rule 404(b) excludes character evidence: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."   Fed. R. Evid. 404(b)(1).   Such evidence may be admissible, however, "for another purpose, such as proving ... intent, ... knowledge, ... absence of mistake, or lack of accident."   In that case, evidence is admissible if: (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value. United States v. Green, 151 F.3d 1111, 1113 (8th Cir. 1998).

Under the theory of *res gestae*, evidence "of wrongful conduct other than the conduct at issue" may be admitted if offered to

provide "the context in which the charged crime occurred." United States v. Johnson, 463 F.3d 803, 808 (8th Cir. 2006).  Put another way, the theory of *res gestae* states that evidence which "explains the circumstances ... is admissible as an integral part of the immediate context of the crime charged." United States v. Swinton, 75 F.3d 374, 378 (8th Cir. 1996) (citations and internal quotation marks omitted).

First, the government moves to submit evidence that the defendant possessed, received, and distributed additional images and videos of child pornography and erotica, both digital images and hard copy images beyond those charged in the indictment.  The government also seeks to introduce evidence of the internet search terms that the defendant entered in seeking out child pornography.

Both sets of evidence are probative of the defendant's intent in producing, possessing, receiving, and distributing child pornography.  When determining a defendant's intent in taking nude photographs of young children, a jury can reasonably consider evidence of a defendant's "extensive child pornography collection, to determine 'whether the images were intended to elicit a sexual response in the viewer.'" United States v. Ward, 686 F.3d 879, 884 (8th Cir. 2012) (quoting United States v. Johnson, 639 F.3d 433, 441 (8th Cir. 2011)).  Here, the defendant has previously stated that he took photographs of the victims for medical purposes. Evidence of the defendant's collection of child pornography and his

search terminology are admissible to show his intent under Rule 404(b). To avoid unfair prejudice to the defendant, however, the actual images themselves will not be admitted into evidence, but the government is free to discuss the search terminology and additional images that were found in defendant's possession. The government's motion to that end is granted and the defendant's motion is denied.

Second, the government moves to admit evidence that the defendant possessed images of the victims taking a bath. The defendant does not oppose the admission of that evidence. Thus, the government's motion to that end is granted.

Third, the government moves to admit evidence that the defendant was informed of the illegality of possession of child pornography as part of his sex offender treatment. The defendant does not oppose the admission of that evidence. Thus, the government's motion to that end is granted.

Fourth, the government moves to admit evidence that the defendant possessed a poem entitled "The Sex Defender" on his computer. The government argues that the poem glorifies child sexual assault. The defendant opposes the admission of the evidence. After reviewing the government's arguments and the poem itself, the court does not find that the poem carries probative value under Rule 404(b). The poem does not glorify sexual assault and does not establish intent or any of the other categories

4

considered by Rule 404(b).  Nor does the poem provide context for the defendant's charged crimes.  The government's motion to that end is denied, and the defendant's motion to that end is granted.

**E.   Evidence of Prior Convictions**

The government moves to admit evidence of the following convictions: (1) the defendant's December 15, 1981, conviction in Wright County, Minnesota for Criminal Sexual Conduct (Fourth Degree), involving his sexual abuse of a ten-year old female (the defendant's daughter); and (2) the defendant's March 2, 1999, conviction in Hennepin County, Minnesota for Criminal Sexual Conduct (First Degree) involving his abuse of a five-year old female (the defendant's step-sister).  The defendant opposes the admission of that evidence and, in the alternative, requests that the facts be submitted to the jury through stipulations.

Federal Rule of Evidence 414 states, in pertinent part:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant.

While evidence admitted under Rule 414 is subject to a balancing test under Rule 403, the weight of that test shifts "to allow Rule 414 its intended effect."  United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997).  When conducting a Rule 403 balancing test in this light, "Rule 414 evidence 'is exceptionally probative' of a defendant's sexual interest in children."  United States v.

<u>Withorn</u>, 204 F.3d 790, 794 (8th Cir. 2000) (quoting <u>United States v. Mound</u>, 149 F.3d 799, 800 (8th Cir. 1998)).

The defendant's convictions satisfy the requirements of Rule 414. The government's motion to admit Rule 414 evidence of the defendant's two prior convictions is granted.

The court withholds ruling on the admissibility of specific documents. The parties have indicated that they intend to file stipulations regarding the convictions so as to sanitize the facts presented to the jury. An extended focus on the investigation, arrest, and criminal proceedings, through testimony and documentation, is not warranted. Sanitized stipulations are the correct way to present the facts and will prevent unfair prejudice to the defendant. To that end, the defendant's request for a stipulation is granted.

Given that the details of the defendant's prior convictions mirror the facts of this case, their probative value is not substantially outweighed by a danger of unfair prejudice or any other consideration under Rule 403. It is sufficient for the jury to know - through stipulation - of the convictions and the details of the victims' gender, and relation to the defendant. The court will note, however, that documents included in the government's Rule 414 motion in limine [ECF No. 63] raise Confrontation Clause and hearsay issues. If the government wishes to enter specific documents into evidence after stipulations have been filed, the

court will consider the issues at that time.

**F.    Statements by Victims to Therapist**

The government moves to admit statements made by the victims to their therapist.  The government argues that these statements are an exception to hearsay under Rule 803(4) because they were made for purposes of medical treatment.  The government further argues that the statements do not raise Confrontation Clause issues because they were not made for purposes of a criminal investigation or to serve as testimony.  The defendant opposes admission of these statements. The defendant argues that there was at least some degree of police involvement in the process leading up to the visits with the therapist.  The defendant also argues that the victims changed their story by accusing the defendant months after they first spoke out. The applicability of Rule 803(4) and the Confrontation Clause share related analyses in these circumstances.

Hearsay statements are admissible if they are made for medical diagnosis or treatment or to describe the cause of symptoms.  Fed. R. Evid. 803(4).  Statements identifying the abuser do not fall under this exception, but are more likely admissible where a family member sexually abuses a victim.  United States v. Peneaux, 432 F.3d 882, 893-95 (8th Cir. 2005) ("Due to the nature of child sexual abuse, a doctor must be able to identify and treat not only physical injury, but also the emotional and psychological problems that typically accompany sexual abuse by a family member."); United

States v. Renville, 779 F.2d 430, 435-39 (8th Cir. 1985).   When considering statements to a doctor in this context, the court must consider the victim's motive to determine whether the statement was made for purposes of medical treatment or merely to identify and accuse a defendant.   Peneaux, 432 F.3d at 894.

The Confrontation Clause raises similar considerations.   A statement "cannot fall within the Confrontation Clause unless its primary purpose was testimonial." Ohio v. Clark, 135 S. Ct. 2173, 2180, (2015).   However, where statements "are made to a physician seeking to give medical aid in the form of diagnosis or treatment, they are presumptively nontestimonial." Peneaux, 432 F.3d at 896. This analysis involves an evaluation of the victim's intent in making the statement, much like Rule 803(4) analysis.   The court must also consider, however, the extent of police involvement in arranging for the victim's visit with the doctor and the purpose of the visit.   Id. at 895-96 (citing United States v. Bordeaux, 400 F.3d 548 (8th Cir. 2005)).

Thus, there are several factors to consider before the court can determine whether the victims' statements to the therapist meet the Rule 803(4) exception and fall outside the reach of the Confrontation Clause.   Before the government can present the therapist to the jury, the court will have a hearing where the government and the defendant can question the therapist.   This questioning should seek to establish (1) whether the victims were

8

simply participating in therapy or if they were identifying and accusing the defendant, and (2) the extent of police involvement in coordinating the therapy, if any.  A ruling on the admissibility of the victims' statements to the therapist is withheld pending a hearing to determine the therapeutic versus testimonial nature of the statements.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.    Government's motion in limine to preclude the defendant and his attorney from referring to the potential penalties that defendant will face if convicted [ECF No. 47] is **GRANTED;**

2.    Defendant's motion in limine to sequester witnesses and tell them not to discuss their testimony with each other [ECF No. 52] is **GRANTED;**

3.    Defendant's motion in limine to preclude any person from testifying as whether a hand seen in certain production images is that of the defendant [ECF No. 52] is **DENIED as moot;**

4.    Government's motion in limine to admit evidence that the defendant possessed, received, and distributed additional images and videos of child pornography and erotica, both digital images and hard copy images beyond those charged in the indictment [ECF No. 57] is **GRANTED in part,** and

9

the defendant's concomitant motion [ECF No. 52] is **DENIED in part**;

5. Government's motion in limine to admit evidence of the internet search terms that the defendant entered in seeking out child pornography [ECF No. 57] is **GRANTED in part**, and the defendant's concomitant motion [ECF No. 52] is **DENIED in part**;

6. Government's motion in limine to admit evidence that the defendant possessed images of the victims taking a bath [ECF No. 57] is **GRANTED**;

7. Government's motion in limine to admit evidence that the defendant possessed a poem entitled "The Sex Defender" on his computer [ECF No. 57] is **DENIED** and the defendant's concomitant motion [ECF No. 52] is **GRANTED**;

8. Government's motion in limine to admit evidence of the defendant's two prior convictions [ECF No. 63] is **GRANTED in part**, and the defendant's concomitant motion for stipulations to these convictions [ECF No. 53] is **GRANTED in part**, pending stipulations from the parties;

9. A ruling on the government's motion in limine to admit statements made by the victims during the course of therapy [ECF No. 64] and the defendant's concomitant motion [ECF No. 70] is withheld pending a hearing to

determine the therapeutic versus testimonial nature of
sessions with the victims.


Dated:  October 16, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court